WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Alberto Borjas-Calix,<br><br>Plaintiff,<br><br>vs.<br><br>Jeff B. Sessions, *et al.*,<br><br>Defendants. | CV-16-685-TUC-DCB<br><br>**ORDER** |

Before the Court are the First Motion for Preliminary Injunction (Doc. 8) and Motion for Leave to File Amended Complaint (Doc. 11). Oral argument was conducted on March 27, 2017 and the matter was taken under advisement. The Court now rules.

**SUMMARY**

Plaintiff Jorge Alberto Borjas-Calix is a native and citizen of Honduras who is subject to an order of removal issued by the United States Department of Homeland Security (DHS). He filed a Complaint in federal court seeking Declaratory and Injunctive Relief in accordance with Federal Rules of Civil Procedure 8(a), 57, and 65. Plaintiff was ordered released by an immigration judge (IJ) in Florence, Arizona, pursuant to controlling authority in this Circuit, but the Department

of Homeland Security (DHS) appealed the IJ's decision to the Executive Office for Immigration Review (EOIR), Board of Immigration Appeals (BIA). The BIA reversed the IJ and vacated the IJ's decision granting Plaintiff's release on bond. The DHS, Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), now seeks to re-detain Plaintiff, which Plaintiff claims will deprive him of his due process right against unlawful deprivation of liberty.

**PROCEDURAL BACKGROUND**

Plaintiff, a citizen of Honduras, first entered the United States without inspection on or about March 16, 1997. On March 20, 1997, an IJ ordered Plaintiff removed from the United States, which resulted in his deportation on March 25, 1997. Between June 16, 2008 and July 19, 2011, the ICE reinstated Plaintiff's previous order of removal twice and deported him each time.

On or about March 1, 2013, Plaintiff entered the United States without inspection near Nogales, Arizona. On March 25, 2015, he was taken into ICE custody. At that time, he indicated he had no fear of returning to Honduras.

On March 25, 2015, ICE-ERO issued Plaintiff a Form 1-871, Notice of Intent/Decision to Reinstate Prior Order, pursuant to Section 241(a)(5) of the INA, 8 U.S.C. § 1231(a)(5), as an alien who has illegally reentered the United States after being previously removed. This Decision reinstated Plaintiff's March 25, 1997, order of removal.

On or about April 22, 2015, Plaintiff was convicted of Illegal Entry, in violation of Title 8 U.S.C. § 1325(a)(1), and sentenced to 75 days' incarceration. On or about June 6, 2015, Plaintiff returned

to ICE custody at the Florence Detention Center so he could be removed to Honduras.

On or about July 21, 2015, an Asylum Pre-Screening Officer found Plaintiff had a reasonable fear of persecution or torture, and referred Plaintiff's case to an IJ to allow Plaintiff to apply for withholding of removal under the Act and protection under the CAT.

On December 2, 2015, Plaintiff filed a motion with the IJ, requesting a custody redetermination hearing. The IJ denied the motion on January 12, 2016, finding that the immigration court lacked jurisdiction.

On January 27, 2016, Plaintiff filed a motion to reconsider the IJ's decision, which was granted on January 28, 2016.

On February 9, 2016, the IJ held a custody redetermination hearing and set a $10,000 bond.

On February 11, 2016, Plaintiff posted bond for his release from the Florence Detention Center.

On February 22, 2016, the Department filed its Notice of Appeal with the BIA. The Department and Plaintiff filed appeal briefs with the BIA.

On September 30, 2016, the BIA issued its decision finding that Plaintiff was not eligible for a custody redetermination hearing, and vacated the IJ's decision.

On October 14, 2016, ICE issued a Notice to Obligor to Deliver Alien, directing the person who posted Plaintiff's bond to deliver him to ICE on November 18, 2016.

On October 24, 2016, Plaintiff filed his Complaint for Declaratory

and Injunctive Relief, seeking to enjoin Defendants from proceeding with any further action that would result in Plaintiff being taken into ICE custody or detention. Plaintiff then filed a Motion for Preliminary Injunction and/or Temporary Restraining Order, seeking an order enjoining Defendants from detaining Plaintiff or taking him into custody until the motion for preliminary injunction and/or the Complaint may be adjudicated.

On December 27, 2017, based on a stipulation of the parties, this Court issued a Temporary Restraining Order enjoining Defendants from taking Plaintiff into custody or detaining him until the motion for preliminary injunction is adjudicated.

**STANDARD OF REVIEW**

**A. Preliminary Injunction**

Preliminary injunctions are intended to preserve the relative positions of the parties until a trial on the merits can be held. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). This Court should not grant a preliminary injunction unless Plaintiff shows: (1) a strong likelihood of his success on the merits; (2) that he is likely to suffer an irreparable injury absent preliminary relief; (3) the balance of hardships favors him; and (4) the public interest favors a preliminary injunction. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). . "To the extent prior cases applying the 'serious questions' test have held that a preliminary injunction may issue where the plaintiff shows only that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor, without satisfying the other two prongs, they are superseded by *Winter,* which requires the

plaintiff to make a showing on all four prongs. [Citation omitted.] But the 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test. That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). To show harm, Plaintiff must allege that concrete, imminent harm is likely with particularized facts. *See Winter*, 555 U.S. at 20. This standard reflects the idea that a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

**B. Amend Pleadings**

Rule 15, Fed.R.Civ.P., provides that a party may amend its pleading as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend is not granted automatically, "the rule should be interpreted with 'extreme liberality.'" *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint1." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*, 316 F.3d at 1052 (emphasis in original).

**DISCUSSION**

**A. Preliminary Injunction**

Plaintiff is likely to succeed on the merits of his claim because Ninth Circuit controlling authority unequivocally applies in this instance and requires his release from ICE detention. *See Rodriguez v. Robbins (Rodriguez III),* 804 F.3d 1060 (9th Cir. 2015), *cert. granted*, 136 S.Ct. 2489 (2016); *Diouf v. Napolitano (Diouf II),* 634 F.3d 1081 (9th Cir. 2011); *see also Guardado-Quevara v. Lynch, et al.,* No. CV-16-00800-PHX-PGR(JZB). Plaintiff can only be held under either 8 U.S.C. § 1226(a), or 8 U.S.C. § 1231(a). And, under either statute, Ninth Circuit controlling authority (e.g., *Rodriguez III, Diouf II*) unequivocally

mandates Plaintiff's release.[1]

Plaintiff explained in his motion that he is likely to suffer irreparable harm in the absence of preliminary relief," and that if he is re-detained "he will suffer irreparable harm due to his unlawful deprivation of liberty in violation of due process of law." The ability to file a petition for writ of habeas corpus does not ameliorate the hardship of physical incarceration in Florence or Eloy, a deprivation of liberty, separation from family and loss of employment. The balance of hardships and equities weighs in favor of the issuance of a preliminary injunction. No agent or official of the United States government stands to suffer any conceivable hardship in the event an injunction is issued.

A primary argument advanced by Defendants is that they have a "significant interest in enforcing the statutory framework governing lawful immigration." That is true and this Court takes that mission seriously. But re-detaining Plaintiff in this fashion goes contrary to the rule of law in this Circuit and this Court has an interest in properly and uniformly applying the law of this Circuit.

**B. Amend Complaint**

Plaintiff moves to amend the Complaint to add various Administrative Procedures Act (APA) provisions, as well as a Petition for Writ of Habeas Corpus. Defendants' primary objection is directed to the issue of custody and ripeness.

In the Ninth Circuit, it is well-established that, for the

---

[1] This Order, granting the Motion to Amend the Complaint and add claims under the APA and habeas corpus, renders moot Defendants' jurisdiction and sovereign immunity arguments.

purposes of this lawsuit, Plaintiff satisfies the "in custody" requirement of 28 U.S.C. § 2241(c). This is especially true because Plaintiff, as an alien in "withholding-only" proceedings, already is subject to reinstatement of a final order of removal that has been temporarily suspended while he completes his Immigration Court case. In *Veltmann-Barragan v. Holder*, 717 F.3d 1086 (9th Cir. 2013), the Ninth Circuit explained:

> The Supreme Court has defined the phrase "in custody" to include both physical detention and "other restraints on a man's liberty, restraints not shared by the public generally." For example, individuals are "in custody" for purposes of § 2241 if they are "subject to a final order of deportation." *Veltmann-Barragan*, 717 F.3d at 1088 (*quoting Jones v. Cunningham*, 371 U.S. 236, 240, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995)). *See also Mendia v. Garcia*, 165 F. Supp. 3d 861, 884 (N.D. Cal. 2016).

Also highly relevant is the fact that, in *Veltmann-Barragan*, the Ninth Circuit concluded that the determining factor against finding that the petitioner in that case was "in custody" was the fact that, even though the DHS could have reinstated her former removal order, they had not yet done so. In contrast, in this case, DHS has already reinstated Plaintiff's prior detention order—it has just not yet been *executed*.

Upon review, the Motion to Amend the Complaint will be granted. Fed.R.Civ.P. 15(a).

**RULING**

HAVING CONSIDERED the briefs and oral arguments of the parties, the Court rules, as follows:

**IT IS ORDERED** that:

1. The Motion for Leave to File Amended Complaint (Doc. 11) is **GRANTED**, finding that Petitioner is "in custody" for the purpose of demonstrating standing to bring a habeas corpus claim pursuant to 28 U.S.C. § 2241(c). Plaintiff shall file his First Amended Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus (Doc. 11-2) by **May 1, 2017**. Defendants are directed to file an Answer within **ten (10) days** after service of the First Amended Complaint; and,

2. The Motion for Preliminary Injunction (Doc. 8) is **GRANTED**, finding that Plaintiff is likely to succeed on the merits concerning his request for a Declaratory Judgment: controlling precedent in this Circuit supports the decision of the Immigration Judge (IJ) who released Plaintiff on bond and does not support the decision of the Board of Immigration Appeals (BIA) which reversed the IJ. Defendants are hereby **ENJOINED** from re-detaining Plaintiff based on the ruling of the BIA. Plaintiff's release from custody and the terms of the release as ruled by the IJ remain in effect.

Dated this 25th day of April, 2017.

Honorable David C. Bury
United States District Judge