WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Alberto Borjas-Calix,<br>A# 074-709-887,<br><br>      Plaintiff,<br><br>v.<br><br>Jeff B. Sessions, et al.,<br><br>      Defendants. | CV-16-00685-TUC-DCB<br><br>**ORDER** |

    Before the Court are the Plaintiff's Motion for Summary Judgment and the Defendants' Motion for Summary Judgment. Oral argument was conducted on January 12, 2018 and the matter was taken under advisement. The Court now rules.

**SUMMARY**

    Plaintiff Jorge Alberto Borjas-Calix is a native and citizen of Honduras who is subject to an order of removal issued by the United States Department of Homeland Security (DHS). He filed a Complaint in federal court seeking Declaratory and Injunctive Relief in accordance with Federal Rules of Civil Procedure 8(a), 57, and 65. Plaintiff was ordered released by an immigration judge (IJ) in Florence, Arizona,

1

pursuant to controlling authority in this Circuit, but the Department of Homeland Security (DHS) appealed the IJ's decision to the Executive Office for Immigration Review (EOIR), Board of Immigration Appeals (BIA). The BIA reversed the IJ and vacated the IJ's decision granting Plaintiff's release on bond. The DHS, Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), now seeks to re-detain Plaintiff, which Plaintiff claims will deprive him of his due process rights against unlawful deprivation of liberty.

**PROCEDURAL BACKGROUND**

Plaintiff, a citizen of Honduras, first entered the United States without inspection on or about March 16, 1997. On March 20, 1997, an IJ ordered Plaintiff removed from the United States, which resulted in his deportation on March 25, 1997. Between June 16, 2008 and July 19, 2011, the ICE reinstated Plaintiff's previous order of removal twice and deported him each time.

On or about March 1, 2013, Plaintiff entered the United States without inspection near Nogales, Arizona. On March 25, 2015, he was taken into ICE custody. At that time, he indicated he had no fear of returning to Honduras.

On March 25, 2015, ICE-ERO issued Plaintiff a Form 1-871, Notice of Intent/Decision to Reinstate Prior Order, pursuant to Section 241(a)(5) of the INA, 8 U.S.C. § 1231(a)(5), as an alien who has illegally reentered the United States after being previously removed. This Decision reinstated Plaintiff's March 25, 1997, order of removal.

On or about April 22, 2015, Plaintiff was convicted of Illegal Entry, in violation of Title 8 U.S.C. § 1325(a)(1), and sentenced to

75 days' incarceration. On or about June 6, 2015, Plaintiff returned to ICE custody at the Florence Detention Center so he could be removed to Honduras.

On or about July 21, 2015, an Asylum Pre-Screening Officer found Plaintiff had a reasonable fear of persecution or torture, and referred Plaintiff's case to an IJ to allow Plaintiff to apply for withholding of removal under the Act and protection under the CAT.

On December 2, 2015, Plaintiff filed a motion with the IJ, requesting a custody redetermination hearing. The IJ denied the motion on January 12, 2016, finding that the immigration court lacked jurisdiction.

On January 27, 2016, Plaintiff filed a motion to reconsider the IJ's decision, which was granted on January 28, 2016.

On February 9, 2016, the IJ held a custody redetermination hearing and set a $10,000 bond.

On February 11, 2016, Plaintiff posted bond for his release from the Florence Detention Center.

On February 22, 2016, the Department filed its Notice of Appeal with the BIA. The Department and Plaintiff filed appeal briefs with the BIA.

On September 30, 2016, the BIA issued its decision finding that Plaintiff was not eligible for a custody redetermination hearing, and vacated the IJ's decision. On October 14, 2016, ICE issued a Notice to Obligor to Deliver Alien, directing the person who posted Plaintiff's bond to deliver him to ICE on November 18, 2016.

On October 24, 2016, Plaintiff filed his Complaint for Declaratory and Injunctive Relief, seeking to enjoin Defendants from proceeding with any further action that would result in Plaintiff being taken into ICE custody or detention. Plaintiff then filed a Motion for Preliminary Injunction and/or Temporary Restraining Order, seeking an order enjoining Defendants from detaining Plaintiff or taking him into custody until the motion for preliminary injunction and/or the Complaint may be adjudicated.

This Court's Order issuing a Temporary Restraining Order was issued on November 14, 2016.

On December 23, 2016, Plaintiff filed a Motion for Leave to File Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)2), in order to add various Administrative Procedures Act (APA) provisions, as well as a Petition for Writ of Habeas Corpus. On April 25, 2017, this Court issued an order granting Plaintiff's Motion for Leave to File Amended Complaint, finding that Plaintiff is "in custody" for the purpose of demonstrating standing to bring a habeas corpus claim pursuant to 28 U.S.C. § 2241(c). This Court also issued an order granting Plaintiff's Motion for Preliminary Injunction, finding that Plaintiff is likely to succeed on the merits concerning his request for a Declaratory Judgment and that controlling precedent in the Ninth Circuit supports the decision of the Immigration Judge who found that he had jurisdiction to release Plaintiff from detention upon the posting of a bond and did not support the Board of Immigration Appeals' decision to vacate the IJ's order.

On May 17, 2017, the IJ denied Plaintiff's application for Withholding of Removal and relief under the U.N. Convention Against Torture. Plaintiff timely appealed the IJ's decision to the BIA.

On October 11, 2017, Plaintiff filed a Motion for Summary Judgment and on October 13, 2017, Defendants filed a Cross Motion for Summary Judgment. Oral argument was heard by the Court on January 12, 2018. Defendants alerted the Court to a change in status of two cases cited as authority in February 2018.[1] (Docs. 43, 44.)

**STANDARD OF REVIEW**

A party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c). Material facts are those facts that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits, which demonstrate the absence of a genuine issue of

---

[1] *Marroquin-Perez v. Kelly*, Case No. 17-17014 (District Court Case No. 2:17-CV-00366-PHX-JTT), voluntarily dismissed; *Rodriguez v. Robbins* ("*Rodriguez III*"), 804 F.3d 1060 (9th Cir. 2015), on appeal to the Supreme Court *sub nom. Jennings v. Rodriguez*, No. 15-1204, was reversed and remanded to the Ninth Circuit Court of Appeals. *Jennings v. Rodriguez*, 2018 WL 1054878 (S.Ct. Feb. 27, 2018).

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts ...Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" *Scott*, 550 U.S. at 380.

## DISCUSSION

Defendants argue that the fundamental issue in this matter is whether Plaintiff - an alien who received an order of removal and was removed, which order of removal was later reinstated after illegal reentry, and is currently waiting for appellate review of his request for withholding of removal and relief under CAT - was entitled to a bond hearing before an IJ. Defendants' position is that Plaintiff was not entitled to such a hearing and that the BIA's decision to vacate the IJ's order was correct. As a result, there is no valid order authorizing Plaintiff's release from custody. Defendants are therefore entitled to re-detain Plaintiff.

Plaintiff argues that the Immigration Judge had jurisdiction, pursuant to controlling Ninth Circuit precedent, to conduct a custody redetermination hearing and order Plaintiff's release from immigration detention upon the posting of a $10,000 bond. This lawsuit ultimately revolves around the question of whether Plaintiff was entitled to a custody redetermination hearing before an Immigration Judge. Plaintiff argues that the evidence unequivocally establishes that the Immigration Judge had jurisdiction to conduct such a hearing and that

Plaintiff was lawfully released from immigration detention after posting a bond.

The Court may grant a writ of habeas corpus to a detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As Plaintiff is currently detained within this Court's jurisdiction and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Section 1231(a) controls the detention of removable aliens "during" and "beyond" "the [statutory] removal period." f a removal order is reinstated, it is "reinstated from its original date and is not subject to being reopened or reviewed. . . ." 8 U.S.C. § 1231(a)(5). Additionally, "the alien is not eligible and may not apply for any relief under this chapter, and . . . shall be removed under the prior order at any time after the reentry." *Id*. Plaintiff may seek "an exception by which an alien who expresses 'a fear of returning to the country designated' in his reinstated removal order is 'immediately' referred to an asylum officer who must determine if the alien has a reasonable fear of persecution or torture in accordance with 8 C.F.R. 208.31." *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir. 2012).

Section 1231(a) governs "detention, release, and removal of aliens ordered removed." 8 U.S.C. § 1231(a). It is undisputed that Plaintiff has been ordered removed pursuant to the reinstated removal order. The question before the Court is whether the order of removal

is "administratively final." This is not the first time the issue has been addressed in this Circuit.

Plaintiff convincingly argues that his reinstated removal order is not administratively final. Plaintiff relies on *Ortiz-Alfaro v. Holder*, 694 F.3d 955 (9th Cir. 2012), to support his argument that his reinstated removal order is not administratively final. In *Ortiz-Alfaro*, the Plaintiff was also subject to a reinstated removal order and requested withholding proceedings. An asylum officer determined that Ortiz-Alfaro had not established a reasonable fear of persecution or torture. Ortiz-Alfaro appealed directly to the Ninth Circuit and argued the reinstatement regulations were unlawful. The Ninth Circuit held that the reinstated removal order was not final for purposes of judicial review regarding his withholding proceedings. The Ninth Circuit was concerned that "depriving Ortiz the opportunity for judicial review of a determination that he lacks a reasonable fear of persecution could raise serious constitutional concerns." (*Id*.) Thus, the Court in *Ortiz- Alfaro* held: In order to *preserve judicial review* over petitions challenging administrative determinations made pursuant to 8 C.F.R. § 208.31(e) or (g), we hold that where an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete. *Id. Ortiz-Alfaro* answered the question of whether the Plaintiff was entitled to judicial review of his withholding decision. *Ortiz-Alfaro* did not discuss the issue of detention, or compare § 1231(a) with § 1226(a).

Plaintiff states that even if he "is detained under the provisions of 8 U.S.C. § 1231, he is nevertheless entitled to a bond hearing before an immigration judge." Plaintiff argues that *Diouf v. Napolitano* ("*Diouf II*"), 634 F.3d 1081 (9th Cir. 2011) requires a bond hearing before an IJ when an alien's detention becomes prolonged. Defendants argue that nothing in § 1231(a)(6) itself or the applicable regulations entitles Plaintiff to a bond hearing. Defendants further argue that *Diouf II* did not address and does not apply to aliens subject to reinstated orders of removal and in withholding-only proceedings.

Based upon the clear language of *Diouf II*, this Court finds that Plaintiff is entitled to a bond hearing. In *Diouf II*, the Ninth Circuit addressed the due process requirements for prolonged detention under § 1226(a) and § 1231(a)(6). The Ninth Circuit concluded that because prolonged detention of an alien without an individualized determination of flight risk and danger would "raise serious constitutional concerns," aliens were entitled to a bond hearing after six months. *Diouf II*, 634 F.3d at 1092. "We hold that an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *Diouf II*, 634 F.3d at 1092. This Court follows several other courts in the circuit finding that *Diouf II* compels a bond hearing for aliens in withholding proceedings who faced prolonged detention. (Thus, this Court need not address the applicability of relief under the APA.)

9

"Section 1231(a)(6) encompasses aliens such as Diouf, whose collateral challenge to his removal order (a motion to reopen) is pending in the court of appeals, *as well as* to aliens who have exhausted all direct and collateral review of their removal orders but who, for one reason or another, have not yet been removed from the United States." *Diouf II*, 634 F.3d at 1085 (emphasis added). Defendants' arguments that attempt to distinguish Plaintiff from Plaintiff Diouf fail in light of the clear language of *Diouf II*.

Defendants also argue that "an extension of *Diouf II* to aliens subject to reinstatement would" conflict with the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 671 (2001). In *Zadvydas*, the Supreme Court determined that the government, regarding detention under § 1231(a)(6), is entitled to a presumptively reasonable period of detention of six months to bring about an alien's removal from the United States. *Id.* at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* In *Diouf II*, the Ninth Circuit held that § 1231(a)(6) prohibits prolonged detention without an individualized bond hearing, extending its previous holding in *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008). In *Casas-Castrillon,* the Court determined "prolonged detention without adequate procedural protections would raise serious constitutional concerns," id. at 950, and accordingly held that mandatory detention under § 1226(c) does not extend to individuals whose proceedings before the agency have concluded and who have obtained a judicial stay of removal pending

judicial review. *Id*. at 948. Rather, because detention for such individuals is necessarily prolonged, the government's detention authority "shifts" to discretionary detention under § 1226(a), and requires a bond hearing where the government bears the burden to justify continued detention. *Id.* at 947-48.

*Diouf II* expressly extended the holding of *Casas-Castrillon* to individuals detained under § 1231(a)(6), requiring that they too receive a bond hearing after six months of detention. *Diouf II*, 634 F.3d at 1086. Applying the doctrine of constitutional avoidance, *Diouf II* held that, as a matter of statutory law, an individual "facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *Diouf II,* 634 F.3d at 1092. *Diouf II* further clarified that detention becomes categorically prolonged at six months. *See id.* at 1092 n.13 ("As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months.").

The ultimate question is whether the U.S. Constitution allows indefinite detention of aliens who are lawfully accessing the available administrative and judicial legal structure to challenge their deportation. The fact that Plaintiff has been previously removed, illegally reentered the United States, has not sought judicial review of his original removal order, and is eligible only for Withholding of Removal or relief under the Convention Against Torture does nothing to justify his prolonged detention without

11

benefit of due process. As of this filing, Plaintiff's applications for Withholding of Removal and relief under the CAT remain pending. Although Plaintiff's application for Withholding of Removal and CAT was denied by the IJ on May 17, 2017, Plaintiff exercised his statutory right of appeal, and his case is currently pending appellate review with the Board of Immigration Appeals. Plaintiff was provided a proper bond hearing under this legal framework and the BIA decision vacating the IJ's order was therefore improper. As such, the IJ's order finding jurisdiction over Plaintiff's case and granting his release on bond was lawful.

The reversal and remand of *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018) does not impact this action. This Court has jurisdiction over Plaintiff's habeas petition. *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). He was entitled under *Diouf* to a bond hearing. Plaintiff was detained under § 1231(a)(6) not § 1225, et seq. *Jennings* was specifically directed to § 1225, et seq. *Diouf* remains good law and is binding on this Court.

**ORDER**

Plaintiff is thus entitled to habeas relief as a matter of law to enjoin Defendants from taking Plaintiff back into ICE custody or detention in violation of his due process right against unlawful deprivation of liberty. Plaintiff was detained pursuant to 8 U.S.C. 1231(a). Thus, he was entitled to an individualized bond hearing before an immigration judge for a determination as to whether the Government could establish that he should remain in detention because he posed a risk of flight or is a danger to the community, which they

12

did not establish.  *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011); *see also, Ayala v. Session*, 855 F.3d 1012 (9th Cir. 2017); *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012).  Plaintiff is on bond with conditions imposed that this Court will not disturb.  Plaintiff will remain on bond until such time as the merits of his immigration status are resolved.

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 31) is **GRANTED** and the Defendants' Motion for Summary Judgment (Doc. 34) is **DENIED**.  Defendants are enjoined from re-detaining Plaintiff based on the ruling of the BIA.  Plaintiff's release from custody and the terms of the release as ruled by the IJ remain in effect.  Defendants may re-detain Plaintiff as necessary to effectuate a final order of removal, or as otherwise authorized by law. A Final Judgment shall be entered separately by the Clerk's Office reflecting this Order.  This action is closed.

Dated this 22nd day of March, 2018.

Honorable David C. Bury
United States District Judge